The opinion of the Court was delivered by
Gantt, J.
It ¡js assumed that the consideration for which the note was given, was illegal, and the note void in its inception. All securities taken for money won at cards are void by the Act of Assembly.[1] But was this note given to secure the payment of money thus won ? rl he positive testimony of the plaintiff shows clearly that it was not. Had the defendant secured to Ochiltree the amount won, by a note, there can be no question but the same would have been void and irrecoverable, as well in the hands of Ochiltree, as that of an innocent endorsee, for valuable consideration, and without notice. The contamination which attended on it in its inception accompanies it in all the stages of its existence ; and the law frowns upon, and considers it in the light of a felo ele se, whenever, and wherever it makes its appearance. But should the drawer, after the note has been transferred, substitute another security in the place of it; this is regarded with an eye of favor, and it will avail the holder. The case of Cuthbert v. Haley, (8 Term Rep. 390,) confirms the truth of this position. There A, for an usurious consideration, gave his note to B, who transferred it to 0, for a valuable consideration, without notice of the note being usurious. And afterwards A gave C a bond for the amount. It was holden, in an action brought upon the bond, that the bond could not be avoided, on the ground of the usurious contract between A and B.
Witherspoon, for the motion. Levy, contra.
In principle, this case of Bowen and Doggett, is the same with the one quoted. Hor does the circumstance of a bond having been given in the one, alter *the principle ; for in the case of Paxton v. Popham, r^i9Q (9 East, 421-2,) Lord Ellenboeough says, that an obligor is L a not restrained from pleading any matter which shows that the bond was given upon an illegal consideration, whether consistent or not with the condition of the bond. The note-in question is freed from any taint which might impeach its validity; and the consideration for which it was given being for property sold, makes it good and available in law. The circumstance of a conversation between Ochiltree and Doggett, in presence of the plaintiff, in relation to a previous gambling transaction between them, aud one in which the plaintiff had no agency or concern, cannot alter the merits of his case. Their illegal conduct cannot be considered as restrictive of any right on the part of the plaintiff to accept a security for the payment of a just and bona fide debt; and the courtesy of the law would go too far, were it to allow a gambler to interpose his antecedent illegal conduct, as a shield to screen him from the payment of a security given for a valuable and bona fide consideration. Considerations of public policy, and a due regard to morals and decency, have given rise to the principle, that the Courts are not to take cognizance of, and support contracts founded on gaming considerations ; but was never intended to protect a gambler from the payment of a just debt founded on a valuable consideration [1]
The Court are of opinion that the decree below was correct, and that it must stand!
CoiiCOCK, Nott, Johnson and RichaRdson, JJ., concurred.

 Not by the Act of 1816, 6 Stat. 26; but by statutes cited 1 N. & McC. 180, and I Sp. 382, which see.

 Ante, 102.